UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                    **DECISION AND ORDER**
                                       7-CR-19-A
MARTELL JORDAN,

                    Defendant.

        Pending before the Court is Defendant Martell Jordan's combined motion

(Dkt. Nos. 486, 509, 510) for a reduction in sentence pursuant to Section 404 of the

First Step Act of 2018, and for compassionate release pursuant to 18 U.S.C. §

3582(c)(1)(A), as amended by Section 603 of the First Step Act of 2018.  The

Government opposes both motions (Dkt. No. 514), and Defendant filed reply papers

(Dkt. No. 515) and supplemental papers (Dkt. No. 516).  On December 22, 2021,

oral argument was held regarding the Section 404 motion, only.  Following oral

argument, Defendant filed a notice of supplemental authority (Dkt. No. 519), and

upon receipt of that filing and at the Court's directive (Dkt. No. 520), the Government

filed a supplemental response (Dkt. No. 521).  The Court has since determined that

no argument is necessary on the motion for compassionate release.

        The Court has carefully considered the parties' motion filings, oral argument,

and earlier filings incorporated by reference in the motion papers.  For the reasons

set forth below, Defendant's motion (Dkt. No. 486) for a 14-month reduction in

sentence pursuant to Section 404 is GRANTED, and Defendant's motion (Dkt. Nos.

509, 510) for compassionate release is also GRANTED.

1

## BACKGROUND

The parties are presumed to be familiar with the underlying facts and procedural history of this action.  The Court also incorporates by reference the Second Circuit's summary of the procedural history of this case.  *See United States v. Reed*, 7 F.4th 105, 108-110 (2d Cir. 2021).

Briefly, a jury trial was held in April 2008, and Defendant was convicted of Counts 1 through 4 of the Superseding Indictment (Dkt. No. 206), *i.e.*, (1) conspiring to possess with intent to distribute, and to distribute, 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine (a "dual-object conspiracy"), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count 1); (2) possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 2); (3) possessing in excess of 5 grams of crack cocaine, in violation of 21 U.S.C. § 844(a) (Count 3); and (4) possessing a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1) (Count 4).  The jury also made special findings of the respective drug amounts charged in the Superseding Indictment.  *See* Dkt. No. 270 (jury verdict).

On May 29, 2009, Defendant was sentenced to 300 months on Count 1, 300 months on Count 2, 240 months on Count 3, and 60 months on Count 4, with all counts to run concurrent to each other for an aggregate term of 300 months' imprisonment, to be followed by 10 years of supervised release as to Counts 1 and 2 and 3 years of supervised release as to Counts 3 and 4, with all terms of supervised release to be served concurrent to each other.

On Count 1, the dual-object conspiracy count, Defendant was subject to an increased mandatory minimum sentence of 20 years' imprisonment because he had a prior conviction for a "felony drug offense" (*see* 21 U.S.C. § 851; Dkt. No. 244). As calculated by the Court, with a Criminal History Category V and total offense level 36, he faced an advisory Guidelines range of 292 to 365 months. Defendant's aggregate 300-month sentence was later reduced by this Court (Dkt. No. 485) in October 2018 following a retroactive amendment to the United States Sentencing Guidelines, to an aggregate 254 months' imprisonment--the amended Guidelines range was 240 to 293 months, with an amended total offense level 34. The 254-month sentence of incarceration is 14 months above the mandatory minimum sentence applicable to Defendant's dual-object conspiracy conviction.

In August 2021, the Second Circuit vacated this Court's October 2019 denial (Dkt. No. 496) of Defendant's motion (Dkt. No. 486) for a sentence reduction pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, Pub. L. N. 115-391, § 404, 132 Stat.5194 (Dec. 21, 2018). This Court had determined in October 2019 that Defendant was not eligible for relief under the First Step Act given the dual object conspiracy. The Second Circuit held, however, that "a sentence arising from a multi-object conspiracy conviction involving a crack cocaine object, with a statutory penalty provision under 21 U.S.C. § 841(b)(1)(A)(iii) or 21 U.S.C. § 841(b)(1)(B)(iii), *is a 'covered offense' under Section 404 that is eligible for a sentencing reduction*, even when the other objects of the conspiracy (involving different controlled substances) triggered statutory penalties that were not modified and thus the

3

applicable minimum and maximum penalties for the conspiracy offense remain unchanged."  *Reed*, 7 F.4th at 110 (emphasis added).

Because Defendant was sentenced to 254 months' imprisonment, the Second Circuit clarified, this Court has the authority to--and may within its discretion--reduce Defendant's sentence under Section 404, as his sentence was not "already at the statutory mandatory minimum for his non-crack cocaine objects," namely, 240 months.  *Id.* at 115-116 (distinguishing *United States v. Echeverry*, 978 F.3d 857 (2d Cir. 2020)).  In addition to Count 1, the Circuit has directed this Court to also consider Defendant's motion for a sentence reduction regarding Counts 2 and 3.  *Id.* at 118 n.5.  As with Count 1, the Government on appeal conceded that Counts 2 and 3 are also "covered offenses" eligible for a sentence reduction under Section 404.  Accordingly, the Second Circuit remanded the case for further proceedings.

Defendant is presently housed at Schuylkill Federal Correctional Institution ("FCI Schuylkill"), with an anticipated release date of December 22, 2024.  *See Inmate Locator*, Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (last visited Dec. 21, 2022).[1]

On remand, Defendant has moved for a 14-month reduction in his sentence to a term of 240 months, pursuant to Section 404 of the First Step Act, and for an

---

[1] Defendant states that as of about 13 months ago, he had served over 177 months in custody, which equated to 208 months when accounting for good time credit.  *See* Dkt. No. 510, p. 12.

additional reduction in his sentence "below 240 months" pursuant to the

compassionate release statute.[2]

## **DISCUSSION**

**I.     Motion for a Sentence Reduction Pursuant to § 404 of the First Step Act**

"A district court considering a motion for a sentence reduction under the First

Step Act must conduct a two-part inquiry.  First, the court must determine whether

the defendant is eligible for a reduction.  Second, if the defendant is eligible, the

court must determine whether, and to what extent, to exercise its discretion to

reduce the sentence."  *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

The Second Circuit has held that Defendant is eligible for a reduction under

the First Step Act, so Defendant's motion turns on whether and to what extent, in the

Court's sound discretion, a sentence reduction is warranted under the facts specific

to Defendant's case.  *See United States v. Holloway*, 956 F.3d 660, 666 (2d Cir.

2020) (holding that an eligible defendant "is not necessarily *entitled* to relief.  The

First Step Act is clear that it does not 'require a court to reduce any sentence.'")

(emphasis in original, quoting the First Step Act, § 404(c), 132 Stat. at 5222).

Indeed, "the First Step Act does not obligate a district court to consider post-

---

[2] It is unclear whether Defendant is requesting, along with a reduction of his term of incarceration, a reduction of his term of supervised release.  *Compare* Dkt. No. 491, p. 15 ("In addition, [Defendant]'s period of supervised release should be reduced from an aggregate of 10 years down to an aggregate of 4 years pursuant to 21 U.S.C. § 841(b)(1)(B).") and Dkt. No. 510, p. 13 ("[Defendant]. . . respectfully asks that the Court reduce his drug sentence and further reduce his period of supervised release.") *with* Dkt. No. 515, p. 3 ("[O]f course, [Defendant] will continue to be held accountable upon his release as he will continue with a period of supervised release for 10 years.").  Nevertheless, the Court has considered, in addition to whether a reduction of the incarceration-portion of Defendant's sentence is appropriate, whether a reduction of Defendant's supervised release term is appropriate.

sentencing developments . . .  however, . . . a district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence." *Moore*, 975 F.3d at 92 n.36.  "Courts in this circuit commonly consider the relevant 18 U.S.C. § 3553(a) factors, as well as the remedial purposes of the First Step Act, and the defendant's post-sentencing conduct." *United States v. Francis*, 02-CR-6099 (CJS), 2022 WL 4480168, 2022 U.S. Dist. LEXIS 175023, *6 (W.D.N.Y. Sept. 27, 2022) (internal citations omitted).  In addition, "a district court must take into account Guidelines range changes that result directly from the retroactive application of" the Fair Sentencing Act.  *Moore*, 975 F.3d at 91.

The Supreme Court recently "gave an expansive interpretation of the First Step Act's reach in the resentencing context."  *United States v. Russo*, Case Nos. 92-CR-351 and 90-CR-1063, 2022 U.S. Dist. LEXIS 213643, *7 (E.D.N.Y. Nov. 28, 2022).  In *Concepcion v. United States*, 142 S. Ct. 2389 (2022), the Supreme Court confirmed that a district court determining a First Step Act motion "may consider other intervening change of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion." *Id.* at 2396.  It reasoned that "[t]he text of the First Step Act does not so much as hint that district courts are prohibited from considering evidence of rehabilitation, disciplinary infractions, or *unrelated* Guidelines changes."  *Id.* at 2401 (emphasis added).

Defendant argues that a sentence reduction of 14 months is warranted for a variety of reasons, including that "[u]nder current law, if facing initial sentencing today, the mandatory minimum would be just 10 years, not 20 years."  Dkt. No. 519,

p. 2.  The Government agrees that Defendant's prior drug felony conviction would no longer trigger the enhanced statutory penalties required by the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.*

However, the Government calls attention to the fact that if Defendant was sentenced today, the Court would be required by law to run his five-year term of imprisonment on Count 4 for violating 18 U.S.C. § 924(c) *consecutively* to the sentences imposed for Counts 1 through 3--whereas at the time of Defendant's sentencing, Second Circuit precedent permitted sentences under 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 924(c) to run concurrently rather than consecutively. *See* Dkt. No. 521; *United States v. Whitley*, 529 F.3d 150, 153 (2d Cir. 2008) and *United States v. Williams*, 558 F.3d 166, 176 (2d Cir. 2009) (making the imposition of a consecutive, 5-year sentence under § 924(c) discretionary if a defendant is also subject to another, longer mandatory minimum sentence), *abrogated by Abbott v. United States*, 562 U.S. 8, 13 (2010) (holding that mandatory sentences under 18 U.S.C. § 924(c) must run consecutively to <u>any other</u> mandatory minimum sentence, and a defendant "is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction.").

At oral argument, Defendant countered by explaining that while the Court ran the § 924(c) sentence concurrent to the controlled substances offenses, it also imposed a two-level upward adjustment under United States Sentencing Guidelines § 2D1.1(b)(1) (special offense characteristic) for possessing a weapon in connection with drug trafficking activity.  In that sense, Defendant reasoned, he was neither penalized for nor did he benefit from pre-*Abbott* law concerning § 924(c) sentences.

In addition, while the Government concedes that pursuant to *Concepcion* the Court may consider the change in the law as to "serious drug felonies" in determining Defendant's pending motions, it urges that the Court should not be swayed to do so because of the 18 U.S.C. § 3553(a) factors weighing against reducing Defendant's sentence of imprisonment.

The Court has carefully considered the foregoing arguments, as well as the § 3553(a) factors, and hereby determines that a 14-month reduction of Defendant's aggregate 254-month sentence pursuant to Section 404 is appropriate under the circumstances of this case.

Initially, the Court has contemplated the related changes in the law and the impetus for the remand. The Second Circuit expressed that it was unaware "how [Defendant]'s participation in the crack cocaine object played into the district court's overall sentencing decision on the multi-object conspiracy count." *Reed*, 7 F.4th at 117. The Court has first re-examined its sentence on the multi-object conspiracy count and has "determine[d] [that] it was [at least somewhat] impacted by the pre-Fair Sentencing Act view of the gravity of crack cocaine crimes[.]" *Id.* Second, as to unrelated changes in the law, pertinent to the Court's assessment of this motion is the fact that Defendant's prior, "serious drug felony" would no longer qualify as such and if sentenced today he would no longer be subject to the enhanced penalties of the CSA. Third, Court finds that the intervening development of how § 924(c) sentences are run (concurrent versus consecutive) to other counts of conviction is a neutral factor, considering that it ran Defendant's term of imprisonment on Count 4

concurrently to Counts 1, 2, and 3, yet also gave Defendant a two-level upward adjustment for the gun.

In conjunction with these factors, the Court has reviewed Defendant's filings pertaining to post-sentencing rehabilitation.  Defendant has engaged in significant programming.  *See* Dkt. No. 486, pp. 6-8 and Dkt. No. 491-1, pp. 5-8 (certificates of completion for courses and training while in the BOP, including a Spiritual Development program, a 6-month non-residential drug abuse program, and a 350-hour program for State licensure as a Credentialed Alcohol and Substance Abuse Counselor (Trainee)).  According to Defendant, he has also earned his General Education Diploma and has an "exemplary" custodial record.  Furthermore, Defendant expresses both remorse and his acceptance of responsibility for his actions, and he conveys his goals and desire to build a better life for himself.  *See* Dkt. No. 491-1, pp. 2-3 (Defendant's 2017 letter); Dkt. No. 495 (Defendant's 2019 letter).  He was 22 years old at the time he was sentenced in May 2009 and is now 36 years old; thus, he has had ample time to reflect on his past actions.  In addition, Defendant has also demonstrated that he has support from family members, friends, and community members who are willing to assist in his re-entry into society.  *See* Dkt. No. 493-1 (2019 letters from Defendant's friends); Dkt. No. 515-1 (2021 letters from family members, community leaders, and the Chaplain at FCI Schuylkill); Dkt. No. 516 (2021 letter from Defendant's work supervisor in the FCI Schuylkill commissary).  He has also served a majority of his sentence, with an anticipated release date of approximately two years from now.

The Government's position on the § 3553(a) factors is well taken, though.[3]
As to his offense of conviction, Defendant was involved in a significant drug
conspiracy (and possessed a firearm in relation to that offense) where multi-kilogram
quantities of cocaine were distributed to the Buffalo, New York area, after being
transported from New York City, New York, and Detroit, Michigan, where the
organization's sources of supply were located.  Moreover, Defendant has a
significant criminal history, particularly for an individual sentenced at age 22.
Defendant's extensive and concerning criminal record, amassed at such a young
age, and his prior disrespect and disregard for the law, are not taken lightly by this
Court.

The Court has weighed the reasons both for and against a sentence reduction
of 14 months.  Despite Defendant's problematic history and the seriousness of his
offense conduct, the Court finds that because of Defendant's expressed remorse,
documented efforts at rehabilitation, support from family and friends, and the severe
perspective on crack cocaine crimes that played at least a partial role in Defendant's
original sentence, an initial reduction of 14 months' imprisonment pursuant to
Section 404 is warranted.  Therefore, Defendant's motion (Dkt. No. 486) for a

---

[3] The Government also maintains that Defendant was implicated in two murders, one which was
committed when he was 14 years old, as well as one attempted murder.  The two murders do
not appear in Defendant's presentence investigation report because he was never charged with
them.  And the attempted murder to which the Government refers was tried in Erie County Court
and resulted in an acquittal.  *Compare* Dkt. No. 374, p. 22 ¶ 52 (PSR) *with* Dkt. No. 514, p. 22.
This information was "brought to the Court's attention" before Defendant's original sentencing as
grounds to support the Government's request for a life sentence of imprisonment.  Dkt. No. 514,
p. 4; *see* Dkt. No. 514, pp. 12-23.  The Court notes, however, that while it reviewed the
Government's submissions at the time of the original sentencing, it sentenced Defendant within
the Guidelines range.  As such, this information did not factor into the Court's assessment of
Defendant's instant motion.

reduction in sentence is GRANTED, and Defendant's aggregate term of incarceration is reduced from 254 months to 240 months pursuant to Section 404. Because the Court has determined that a further reduction is warranted beyond 240 months, as explained below, it need not parse out what reduction it would have granted with respect to Counts 1, 2, and 3 under Section 404.

## II.     Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)

In his combined motion, Defendant moves for a reduction of his sentence "below" the mandatory minimum of 240 months, pursuant to the compassionate release statute.[4]

"As part of the First Step Act of 2018, Congress authorized courts to reduce a term of imprisonment upon motion by a defendant . . . Section 3582(c)(1), colloquially known as the 'compassionate release' provision, permits a district court to reduce a previously imposed sentence 'after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.'" *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) (per curiam), quoting 18 U.S.C. § 3582(c)(1)(A) and (i).

Preliminarily, the Court may consider Defendant's compassionate release motion on the merits, as Defendant has demonstrated that he satisfied the statutory

---

[4] The Second Circuit has recently held that district courts are not restricted by mandatory-minimum sentences on compassionate release motions. *See United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) ("We now explicitly hold that a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release.").

exhaustion requirements of § 3582(c)(1)(A).[5]  *See* Dkt. No. 510-1 (Defendant's initial request for compassionate release and the Warden's subsequent denial).  The Government does not contest this point.  *See generally* Dkt. No. 514.

Contrary to what the Government argues (*see* Dkt. No. 514, pp. 5-7), this Court is not "bound" by the United States Sentencing Commission's policy statement at Guidelines § 1B1.13 and its Application Notes, which specify what reasons qualify as extraordinary and compelling under the compassionate release statute.  *See United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020).  Rather, the Second Circuit has agreed with the majority position of "district courts across the country" that "the First Step Act freed district courts to exercise their discretion in determining what are extraordinary circumstances."  *Id.* at 234.  Indeed, "[t]he only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'"  *Id.* at 237-238 (emphasis in original), quoting 28 U.S.C. § 994(t).

Defendant argues extraordinary and compelling circumstances warrant a reduced sentence below 240 months for largely the same reasons the Court noted above in its analysis of Defendant's Section 404 motion.  To a great extent his

---

[5] Before the newly amended provision to the statute, "a court could grant compassionate release only upon a motion from the Director of the Bureau of Prisons."  *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021).  Now an inmate may move for compassionate release, but only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [inmate's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the [inmate's] facility, whichever is earlier."  *Id.*, quoting § 3582(c)(1)(A).

arguments relate to changes in the law, Defendant's efforts at rehabilitation, and the support Defendant will presumably have to aid in his transition back into society.

The Government vigorously opposes the motion, arguing that nothing has changed since October 2018, when the Court reduced Defendant's sentence from 300 months to 254 months.  The Government further argues that Defendant has failed to present "extraordinary and compelling reasons" for a reduction in his sentence, and again that the 18 U.S.C. § 3553(a) factors "weigh heavily against the defendant."

The Court need not engage in a lengthy analysis here, as it has already addressed the substance of the parties' compassionate-release-related arguments in its analysis of Defendant's Section 404 motion.

Briefly, the Court finds that Defendant has presented extraordinary and compelling reasons for compassionate release.  Defendant has laid out reasons for his release in addition to his rehabilitation, which include the developments in the law concerning crack cocaine offenses and what predicate offenses trigger the enhanced penalties under the CSA.

As to the § 3553(a) factors, yet again, the Court appreciates the Government's position in opposition to Defendant's compassionate release motion. The Court did not reach the instant decision without first ruminating on the Government's arguments, as well as Defendant's worrisome prior history and his egregious crime of conviction.  Even so, in light of the totality of the circumstances before the Court, the Court finds that release is appropriate.

13

Defendant has served the majority of his sentence.  According to Defendant's calculations, as of late October 2021 and accounting for good time credit, he had served over 80% of his 254-month sentence.  Defendant's current release date remains December 22, 2024, which is two years from now.  Taking into account the 14-month reduction granted pursuant to Section 404, if the Court further reduces Defendant's sentence to time served pursuant to his compassionate release motion that reduction amounts to less than one year.  In the context of a 254-month (now 240-month) sentence, the Court finds that this is a modest reduction and therefore appropriate under the circumstances.

The Court further finds that the § 3553(a) factors, as discussed in more detail above, do not outweigh the extraordinary and compelling circumstances here, and that compassionate release will not undermine the goals of the original sentence.

Moreover, any concerns of dangerousness are mitigated by the fact that the Court has determined that the previously ordered 10-year aggregate term of supervised release shall remain as originally imposed.

## CONCLUSION

For the reasons set forth above, Defendant's motion (Dkt. No. 486) for a 14-month reduction in sentence pursuant to Section 404 is GRANTED, and Defendant's motion (Dkt. Nos. 509, 510) for compassionate release is GRANTED.  It is hereby

**ORDERED** that Defendant's previously imposed, aggregate 254-month sentence of imprisonment is reduced to TIME SERVED, and Defendant shall be released from the custody of the Federal Bureau of Prisons; and it is further

14

**ORDERED** that the Federal Bureau of Prisons is directed to immediately commence the process of releasing Defendant from custody, and the United States Attorney's Office and United States Probation Office are directed to take all steps to communicate and to facilitate that relief; and it is further

**ORDERED** that upon release, Defendant's previously imposed terms of supervised release shall remain the same, and he shall be subject to all standard and special conditions of supervised release stated in the original judgment (Dkt. No. 377) and sentence in this case; and it is further

**ORDERED**, as set forth in the judgment of conviction, that Defendant must report to the Probation Office in the District to which he is released within 72 hours of his release from the custody of the Federal Bureau of Prisons; and it is further

**ORDERED** that the U.S. Probation Office shall prepare an amended judgment of conviction.

**SO ORDERED.**

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  December 21, 2022
        Buffalo, New York

15